# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STENA DRILLMAX I (HUNGARY) KFT, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 4:12-cv-01946 |
| MARINOR ASSOCIATES INC., | § | |
| CAMERON IRON WORKS, INC. | § | |
| CAMERON INTERNATIONAL | § | |
| CORPORATION, AND CAMERON DOES | § | |
| 1-10, | § | |
| | § | |
| Defendants | § | |

## DEFENDANT CAMERON INTERNATIONAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

601420706

# TABLE OF CONTENTS

Table of Contents .................................................................................................................... i

Table of Authorities .............................................................................................................. ii

Nature and Stage of the Proceeding .................................................................................... iv

Statement of the Issues ........................................................................................................ iv

Standard of Review .............................................................................................................. iv

Summary of the Argument ................................................................................................... vi

Motion to Dismiss ................................................................................................................. 1

    I.     Background Facts .................................................................................................... 1

    II.    Legal Standards ..................................................................................................... 2

    III.   Argument ............................................................................................................... 2

          A.    The Complaint Fails to State a Claim Because All of Plaintiff's Causes of Action Are Barred by Statutes of Limitations. ........................................... 2

              1.    Plaintiff's Claim for Negligence is Barred by Limitations. ............ 2

              2.    Plaintiff's Claim for Products Liability is Barred by Limitations. . 4

              3.    Plaintiff's Claim for Breach of Implied Warranty is Barred by Limitations. ...................................................................................... 5

              4.    Plaintiff's Claims for Breach of Express Warranty and for Breach of Contract Are Barred by Limitations. .......................................... 6

          B.    The Complaint Fails to State a Claim for Negligence or Products Liability Because these Causes of Action Are Barred by the Economic Loss Rule. ...................................................................................................................... 11

          C.    The Complaint Fails to State a Claim for Breach of Contract Because It Fails to Allege the Existence of an Enforceable Contract between Stena Drillmax and Cameron ........................................................................... 14

          D.    In the Alternative, the Contract Alleged by the Complaint Fails to Satisfy the Statute of Frauds and is therefore Unenforceable. .............................. 15

    IV.   Conclusion ........................................................................................................... 16

Certificate of Service ........................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142 (5th Cir. 1995) ...................................... 12

*Carlisle Corp. v. Med. City Dallas, Ltd.*, 196 S.W.3d 855 (Tex. App.—Dallas 2006), *rev'd in part on other grounds by Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55 (Tex. 2008) .............................................................................................................................................. 10, 11

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) ................................ v, 14

*Childs v. Haussecker*, 974 S.W.2d 31 (Tex. 1998) ............................................................................ 3

*Cleveland v. Square-D Co.*, 613 S.W.2d 790 (Tex. App.—Houston [14th Dist.] 1981, no writ) .. 4

*E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986) .............................. 11, 12

*Glasscock v. Armstrong Cork Co.*, 946 F.2d 1085 (5th Cir. 1991) ................................................ 4

*Hininger v. Case Corp.*, 23 F.3d 124 (5th Cir. 1994) .................................................................... 12

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Nos. H-01-3624, 03-5808, 2008 WL 744823 (S.D. Tex. Mar. 18, 2008) ................................................................................................ v

*In re Mirant Corp.*, 675 F.3d 530 (5th Cir. 2012) ....................................................................... iv

*Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986) ..................................................... 12

*Jones v. Bock*, 549 U.S. 199 (2007) ............................................................................................... 2

*Klafehn v. Fain*, 643 S.W.2d 227 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) ...................... 4

*Knowlton v. U.S. Brass Corp.*, 864 S.W.2d 585 (Tex. App.—Houston [1st Dist.] 1993), *aff'd in part and rev'd in part on other grounds by Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 654 (Tex. 1996) ..................................................................................................................................... 4

*KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746 (Tex. 1999)............... 3

*Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55 (Tex. 2008) .......................................... 7

*Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GmbH*, 524 F.3d 676 (5th Cir. 2008) ........................................................................................................................................ 12, 13

*Mid Continent Aircraft Corp. v. Curry County Spraying Serv., Inc.*, 572 S.W.2d 308 (Tex. 1978) .................................................................................................................................... 11, 12, 13

*Muss v. Mercedes-Benz of N. Am. Inc.*, 734 S.W.2d 155 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) ...................................................................................................................................... 10, 11

*Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77 (Tex. 1977) .......................................... 12

*Pako Corp. v. Thomas*, 855 S.W.2d 215 (Tex. App.—Tyler 1993, no writ) ................................ 10

*PPG Indus. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004)............ 10

*Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544 (Tex. 1986) ....................... 6, 7, 9, 10

*Styers v. Harris Cty.*, 838 S.W.2d 955 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd)......... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ............................................... iv

*Turbomeca, S.A. v. Era Helicopters LLC*, 536 F.3d 351 (5th Cir. 2008) .................................... 12

*U.S. Marine Corp. v. Kline*, 882 S.W.2d 597 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ........................................................................................................................................ 9, 10

*Vt. Info. Processing, Inc. v. Mont. Beverage Corp.*, 227 S.W.3d 846 (Tex. App.—El Paso 2007, no pet.) .......................................................................................................................................... 15

**Statutes**

TEX. BUS. & COM. CODE § 2.201(a) ............................................................................................. 15

TEX. BUS. & COM. CODE § 2.725(a) ......................................................................................... 5, 7, 8

TEX. BUS. & COM. CODE § 2.725(b) ...................................................................................... 5, 7, 8

TEX. BUS. & COM. CODE §§ 2.313-.315 ...................................................................................... 12

TEX. CIV. PRAC. & REM. CODE § 16.003 .............................................................................. 2, 3, 4

TEX. CIV. PRAC. & REM. CODE § 16.012(b) ................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ passim

## NATURE AND STAGE OF THE PROCEEDING

On June 28, 2012, Stena Drillmax I (Hungary) KFT ("Stena") filed this action alleging breach of contract, breach of express and implied warranties, products liability, and negligence. Defendant Cameron International Corporation ("Cameron") now moves to dismiss the Complaint in its entirety, with prejudice, for failure to state a claim.

## STATEMENT OF THE ISSUES

First, the statute of limitations bars every cause of action pleaded by Stena. Second, the economic loss doctrine precludes the assertion of plaintiff's products liability and negligence causes of action. Third, the Complaint does not state a cause of action for breach of contract because it fails to allege the existence of an enforceable contract between Stena and Cameron. Finally, the agreement discussed in the Complaint does not satisfy the statute of frauds for purposes of the assertion of a breach of contract. For these reasons, the Court should dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court must accept all well-pled factual allegations in the Complaint as true. *In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012) (applying this standard to all motions under Rule 12(b)); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (stating standard for motions to dismiss for failure to state a claim). To do so, the Court must consider the Complaint in its entirety, along with other documents courts routinely examine in

the course of deciding motions to dismiss, such as documents incorporated into the complaint by reference.[1]

---

[1]     *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Nos. H-01-3624, 03-5808, 2008 WL 744823, at *4 (S.D. Tex. Mar. 18, 2008) ("[A]ny documents attached by a defendant to its motion to dismiss that are referred to in the plaintiff's complaint are also considered part of the pleadings."); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

## SUMMARY OF THE ARGUMENT

Plaintiff filed a Complaint that states untimely and untenable claims, and the Complaint should be dismissed for four reasons: (1) The Complaint's own statements make clear that the applicable statutes of limitations bar all of Plaintiff's claims. (2) The economic loss rule precludes the assertion of Plaintiff's claims for products liability and negligence. (3) The claim for breach of contract also fails because Cameron was not a party to any agreement on which it has been sued. And finally, (4) even if such a contract existed, the Complaint fails to allege—and the documents incorporated into the Complaint disprove—that any such contract could satisfy the statute of frauds.

First, each of Plaintiff's alleged causes of action must be dismissed for failure to state a claim because they are time-barred. Plaintiff's claims all arise out of a series of events alleged to have occurred between 2005 and early 2008, but Plaintiff waited more than four years to bring this suit. By that time, all of its alleged causes of action had accrued, and all applicable statutes of limitations had run. Taking the allegations and admissions in Plaintiff's Complaint as true, Plaintiff knew of the alleged problems with the riser system no later than July 16, 2008. As such, Plaintiff's claims for negligence and product liability are clearly barred by the applicable two-year statutes of limitations. Plaintiff's remaining claims—for breach of contract, breach of express warranty, and breach of implied warranty—are similarly barred by the four-year limitations period. In sales such as this, the limitations period runs from delivery of the equipment, which the Complaint alleges to have occurred on September 1, 2007, nearly five years prior to the filing of the Complaint. Thus, Plaintiff's claims are untimely and must be dismissed under Rule 12(b)(6).

Second, even if Plaintiff's claims were timely, the products liability and negligence claims would be barred by the economic loss rule. Plaintiff's Complaint attempts to state claims

for products liability and negligence, each of which sounds in tort. Both of these claims, however, are clearly barred by the economic loss rule, as Plaintiff only alleges and seeks recovery for purely economic losses. Such claims sound in contract, not in tort. To the extent that Plaintiff is allowed to pursue any claims at all against Cameron, those claims sound in contract as a breach of warranty, rather than in strict liability or negligence. As a result, the defective claims for products liability and negligence must be dismissed under Rule 12(b)(6).

Third, Cameron was not a party to any agreement which Plaintiff alleges has been breached. Thus, even though Plaintiff asserted a breach of contract claim against Cameron, it failed to identify any contract which could support such a claim. On the contrary, Plaintiff's allegations and the agreement at their heart both show that Cameron was not a party to any agreement with Stena that could support a breach of contract claim. Because the Complaint does not identify any contract or the terms of any contract that could support the breach of contract claim between Stena and Cameron, that claim must be dismissed.

Finally, even if Plaintiff tries to argue that Cameron should somehow be deemed to be a party to the agreement Plaintiff entered with Marinor, that agreement is unenforceable against Cameron under the statute of frauds. Cameron did not sign the agreement upon which Plaintiff bases its claims. Without a signature by Cameron, that agreement is unenforceable against Cameron under the statute of frauds provision of the Texas Uniform Commercial Code. Because the Complaint does not allege an enforceable agreement upon which Cameron may be sued, Plaintiff's breach of contract claim must be dismissed.

The Complaint in this case is wholly defective and must be dismissed. Because the defects in the Complaint are fundamental and cannot be cured by repleading, Cameron

respectfully requests that the Court dismiss the case for failure to state a claim, and that the dismissal be with prejudice.

**MOTION TO DISMISS**

## I.    Background Facts

Cameron is a global leader in the design, manufacture, and sale of equipment, systems, and services to the oil, gas, and process industries.  Among other things, Cameron manufactures and sells equipment for oil and gas drilling operations, such as the drilling riser system at issue in this case.

On or about July 29, 2005, Cameron sold a LoadKing drilling riser system to Defendant Marinor Associates, Inc. ("Marinor"), which in turn sold the system to Stena or its affiliates. (Complaint ¶¶ 13-14.)  A drilling riser is a conduit for fluids, essentially a large, sophisticated pipe.  Its purpose is to connect an underwater oil or gas well to a platform or vessel on the surface, allowing fluids—both hydrocarbons and other fluids, such as drilling mud—to flow from the surface platform or vessel into the well and vice versa.

According to the Complaint, the riser system in question was delivered to Stena on or about September 1, 2007.  (Complaint ¶ 19.)  Stena alleges that it installed the riser system on Stena's vessel, the M/V Stena Drillmax, at that time, and then proceeded to use the riser off the coast of Brazil, beginning on March 18, 2008.  (Complaint ¶¶ 19-20.)

By no later than July 16, 2008, Stena observed corrosion on some of the riser joints that it had purchased from Marinor.  (Complaint ¶¶ 19-20.)  Immediately thereafter, Stena notified Cameron of the corrosion.  (Complaint ¶¶ 20, 23.)  Cameron believed, still believes, and will prove at any trial in this case that the corrosion was caused by Stena's improper installation, configuration, and use of the riser system, and possibly also by unforeseeable environmental factors beyond Cameron's control.  Nonetheless, standing by the quality of its product, Cameron worked extensively with Stena to attempt to mitigate the corrosion that had been observed.

1

On February 2, 2009, Stena observed continued corrosion and reported the ongoing problem to Cameron. (Complaint ¶¶ 22-23.) Again, although Cameron believed and still believes that the corrosion was not due to any defect in the riser system, Cameron worked with Stena to address the corrosion. After early 2009, Stena did not complain of corrosion on the M/V Stena Drillmax riser system to Cameron, did not seek any damages or reimbursements, and did not otherwise mention the corrosion incident to Cameron at all.

On June 28, 2012, Stena suddenly initiated this late lawsuit by filing its Complaint. (Dkt. No. 1.) Cameron now moves to dismiss the Complaint in full for multiple failures to satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standards

To survive a motion under Rule 12(b)(6), Plaintiff must plead facts that would show, if taken as true, a right to relief; a failure to do so subjects the complaint to dismissal. *E.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Id.*

## III.    Argument

### A.    The Complaint Fails to State a Claim Because All of Plaintiff's Causes of Action Are Barred by Statutes of Limitations.

#### 1.    Plaintiff's Claim for Negligence is Barred by Limitations.

The statute of limitations bars Plaintiff's claim for negligence, which expired on July 16, 2010, two years after its professed "discovery" of the alleged corrosion problem. The negligence claim therefore must be dismissed with prejudice pursuant to Rule 12(b)(6).

It is well-settled under Texas law that claims for negligence are subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003 (tort claims, including all

negligence claims, must be brought "not later than two years after the day the cause of action accrues"); *see also KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999) (holding that Section 16.003 imposes a two-year limitations period on all negligence claims). "In most cases, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). The only exceptions are "those rare cases when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* (citation and internal quotation marks omitted). This is not such a case, and the statutory limitations period expired well before this suit was filed.

In this case, the injuries described by the Complaint allegedly occurred during the period between the LoadKing riser's first use in March 2008 and the alleged first time that it was examined, on July 16, 2008. (Complaint ¶ 20.) Even using July 16, 2008, as the date of injury, the limitations period for negligence claims expired two years later, on July 16, 2010, two years before suit was filed. Any attempt to fashion a separate claim from the continued corrosion reported in 2009 would also be time-barred. As Plaintiff admits in its Complaint, "[t]he same corrosion problem" was still continuing as of February 2, 2009. (*Id.* ¶ 22.) Thus the opportunity to attempt to mount a claim based specifically on this continued corrosion would have expired two years later, on February 2, 2011—well over a year before the Complaint was filed.

The discovery rule cannot save Plaintiff here, assuming that it was even properly pleaded. (Complaint ¶¶ 24-25.) The Complaint unambiguously alleges that Plaintiff knew of its purported injury—corrosion on the LoadKing riser—more than two years before suit was filed. Because this claim is hopelessly flawed, it must be dismissed under Rule 12(b)(6), with prejudice.

### 2. Plaintiff's Claim for Products Liability is Barred by Limitations.

Plaintiff's claim for products liability is also time-barred. The statute of limitations on a claim for products liability in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (general two-year limitations period for claims sounding in tort); *see also Knowlton v. U.S. Brass Corp.*, 864 S.W.2d 585, 605 (Tex. App.—Houston [1st Dist.] 1993) ("The limitation period for an action for strict tort liability is two years." (citation omitted)), *aff'd in part and rev'd in part on other grounds by Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 654 (Tex. 1996); *Cleveland v. Square-D Co.*, 613 S.W.2d 790, 792 (Tex. App.—Houston [14th Dist.] 1981, no writ) (holding, under predecessor statute to TEX. CIV. PRAC. & REM. CODE § 16.003, that "plaintiff's strict liability action under [Section] 402A of the Restatement (Second) of Torts . . . is governed by the two year statute of limitations" on tort actions).[2] The claim accrues at the time of injury, although Texas has adopted a discovery rule for products liability claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (general two-year limitations period for claims sounding in tort); *Glasscock v. Armstrong Cork Co.*, 946 F.2d 1085, 1092 (5th Cir. 1991) (applying Texas law and collecting cases).

Even applying the discovery rule, however, Plaintiff's claim still fails. As explained above, Plaintiff admits that it knew of its injury and its alleged cause-in-fact as early as July 16, 2008 (Complaint ¶ 20) and no later than February 2, 2009 (at the very latest). (Complaint ¶ 22.)

---

[2]    Texas also recognizes a fifteen-year statute of *repose* for products liability claims, but this does not save Plaintiff's claim here. *See* TEX. CIV. PRAC. & REM. CODE § 16.012(b) (In general, "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."). As one court has explained, a party may not "use a statute of repose to pursue a cause of action otherwise barred by the statute of limitations." *Styers v. Harris Cty.*, 838 S.W.2d 955, 956 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd) (collecting cases). As the *Styers* court and other Texas courts have observed, "a plaintiff's claim may be actionable under [a statute of repose], but still be barred by the two year statute of limitations" applicable to tort actions, including strict liability. *E.g., id.* (citing *Klafehn v. Fain*, 643 S.W.2d 227, 228 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.)); *Klafehn v. Fain*, 643 S.W.2d 227, 228 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

Thus, even under the discovery rule, the limitations period on Plaintiff's alleged products liability claim expired as early as July 2010, and no later than February 2, 2011, under any set of facts, well over a year before this suit was filed. Because the Complaint thus fails to state—and cannot state—a claim for products liability for which relief could be granted, this claim must be dismissed with prejudice.

### 3.    Plaintiff's Claim for Breach of Implied Warranty is Barred by Limitations.

Plaintiff's claim for breach of implied warranty expired on September 1, 2011, four years after the delivery of the LoadKing riser system, and must be dismissed. Nothing in the Complaint saves this claim from the statute of limitations. In fact, it is well-settled under Texas law that the statute of limitations on a claim for breach of implied warranty *cannot* be tolled by the discovery rule or even by agreement of the parties.[3] The implied warranty claim must be dismissed with prejudice under Rule 12(b)(6).

The statute of limitations for Plaintiff's implied warranty claim is four years, a period commencing at delivery of the riser system in September 2007. TEX. BUS. & COM. CODE § 2.725(a); *id.* at (b) ("A breach of warranty occurs when tender of delivery is made . . . ."). Taking as true the facts in the Complaint, Plaintiff's claim thus expired four years after the 2007 delivery, on September 1, 2011.   (Complaint ¶ 19 ("On or after September 1, 2007, the LoadKing riser was delivered to Plaintiff and incorporated in the Vessel.").)

---

[3]      Although the Complaint does not specify which implied warranty is meant, it appears to allege a breach of the implied warranty of merchantability; Plaintiff's claim is that the riser system was not suitable for its ordinary purpose, that is, in offshore drilling. (Complaint ¶¶ 37-38). For purposes of this motion, however, which warranty Plaintiff had in mind does not matter—any such claim would be incurably defective. Under well-settled Texas law, claims for any kind of breach of implied warranty accrue at delivery and expire at most four years from that date. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546-47 (Tex. 1986). The parties may only modify this period by agreeing to an even earlier expiration; they may not extend it. *Id.* Thus, regardless of which kind of implied warranty Plaintiff had in mind, the claim is barred by limitations and must be dismissed.

Any attempt by Plaintiff to appeal to the discovery rule is meritless under well-settled Texas law; there is no discovery rule for breach of implied warranties. (Complaint ¶¶ 24-25.) As the Supreme Court has held, "[i]mplied warranties relate to the condition, kind, characteristics, suitability, etc. of sold goods at the time of sale; thus, the statute of limitations on implied warranties runs from the date of sale." *Safeway Stores*, 710 S.W.2d at 546 (citations omitted) (noting that statute of limitations applicable to such claims is four years). Texas statutory law very carefully distinguishes between express and implied warranties in this respect. Thus, parties may agree to extend an express warranty, but may not extend an implied warranty by agreement. *Id.* at 546-47. To avoid any possibility of confusion, the *Safeway Stores* Court held emphatically that "only *express* warranties may explicitly extend to future performance." *Id.* at 546 (emphasis original) (collecting cases).

Any claim that Plaintiff ever had for the alleged breach of implied warranty accrued at the time that the riser system was delivered in September 2007. Because the statute of limitations on this claim cannot be tolled, the claim expired in September 2011. The Complaint's own allegations thus establish that Plaintiff has cannot sustain such a claim. The breach of implied warranty claim must therefore be dismissed with prejudice.

### 4. Plaintiff's Claims for Breach of Express Warranty and for Breach of Contract Are Barred by Limitations.

Stena has also alleged breach of contract and breach of express warranty, based on a 2005 Equipment Supply Agreement, but these claims are also barred by limitations.[4] (Complaint ¶¶ 28-35.) By statute, any such claim is long-expired because "[a]n action for breach of any

---

[4]     Of course, both claims also fail for the independent reason that the Complaint fails to allege the existence of any agreement between Plaintiff and Cameron which could support either claim. *See* discussion in this Section and in Section III.C, *infra.*

contract for sale must be commenced within four years after the cause of action has accrued."

TEX. BUS. & COM. CODE § 2.725(a); *id.* at (b) ("A breach of warranty occurs when tender of

delivery is made . . . ."); *Safeway Stores*, 710 S.W.2d at 546 (four-year limitation and accrual

language of section 2.725 applies to breach of express warranty claims). Texas law holds the

claims to accrue at the time of delivery for sales such as this one. TEX. BUS. & COM. CODE

§ 2.725(b). Because these causes of action are time-barred by the Complaint's own admissions,

they must be dismissed with prejudice.

As a preliminary matter and as discussed more fully below, Cameron was not a party to

the agreement which forms the alleged basis of Plaintiff's breach of contract and breach of

express warranty claims.[5]  The 2005 Equipment Supply Agreement was by and between E-Max

Limited, later renamed Stena Forth Limited, and Marinor Associates, Inc. only. (Complaint

¶¶ 13-14, 28-29.)    For the Court's convenience, a copy of the 2005 Equipment Supply

Agreement is attached as Exhibit A.[6]

Even if the Complaint had properly alleged that Cameron was a party to the 2005

Equipment Supply Agreement, any claims for breach of contract or breach of warranty based

upon that document would be time-barred, having expired on September 1, 2011, almost ten

months before this suit was filed. Texas statutory law provides:

> (a) *An action for breach of any contract for sale must be*
> *commenced within four years after the cause of action has*

---

[5]      In Texas, "breach of [express] warranty and breach of contract are distinct causes of action with separate remedies," but a claim for breach of express warranty is nonetheless a species of contract claim. *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 60 (Tex. 2008) (citation omitted).

[6]      The Equipment Supply Agreement relied upon by Stena was not actually included with the Complaint. When counsel for Cameron requested a copy of it from counsel for Plaintiff, Plaintiff replied and attached a copy of an "Equipment Supply Agreement," dated July 29, 2005, between E-Max Limited and Marinor Associates, Inc. Ex. B, Jul. 12, 2012, correspondence from Claude Stuart, counsel for Plaintiff, to Tom Stilwell, counsel for Cameron. The Agreement provided and identified as the "contract" at issue is attached as Exhibit A.

> *accrued.* By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (b) *A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made*, except that where a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

TEX. BUS. & COM. CODE § 2.725(a)-(b) (emphasis added).  Plaintiff claims that the riser system at issue "was delivered to Plaintiff and incorporated in the [M/V Stena Drillmax] Vessel," "[o]n or after September 1, 2007." (Complaint ¶ 19.)  Plaintiff admits that by March 18, 2008, the riser had been put to use offshore Brazil. (*Id.* ¶ 20.)

Under Texas law, therefore, Plaintiff's claims expired four years after delivery, on September 1, 2011.  But this lawsuit was not filed until June 28, 2012, ten months after the limitations period expired.  Even if the Complaint could be read to allege that delivery did not occur until the first use of the riser in March 18, 2008—and the Complaint contains no such allegation—the limitations period would still have expired months before Plaintiff filed this suit, in March of 2012.  Under unambiguous Texas law, therefore, this claim must be dismissed.

Plaintiff cannot save this claim by appealing to the "future performance" exception in Section 2.725(b) of the Texas Business and Commerce Code.[7]  That exception applies only "where a warranty *explicitly* extends to future performance of the goods and discovery of the breach must await the time of such performance." *Id.* (emphasis added).  "Courts construe the

---

[7]    Indeed, Plaintiff has not even alleged that the "future performance" exception applies, presumably because there is no basis for applying it here.  Without such an allegation, the Complaint is defective on its face.  The allegations that may actually be found in the Complaint suffice only to prove that Plaintiff's claim is barred by the statute of limitations.

8

exception narrowly, with the emphasis on the term 'explicitly.'" *Safeway Stores*, 710 S.W.2d at 548. The Complaint contains no allegation of such an explicit extension.

While the 2005 Equipment Supply Agreement does show that Marinor apparently furnished Stena with Cameron's "Fundamental Terms and Conditions" as part of a proposal Cameron previously provided to *Marinor* (Ex. A at 92-93), the terms do not amount to any extension of the limitations period. Those terms narrowly restrict any warranty due Marinor to repair and replacement of the goods running from the earlier of twelve months from first use or eighteen months from ex-works delivery, "if such goods . . . shall become defective" during that time. (Ex. A at 93.) Texas law, however, is clear that such a warranty does not extend to future performance, for three distinct reasons.

First, to extend to future performance and thus extend the limitations period, an express warranty "must make specific reference to a *specific date in the future*." *Safeway Stores*, 710 S.W.2d at 548 (emphasis added and citation omitted). The warranty provisions contained in Cameron's proposal to Marinor do not mention any specific date to which any warranty of performance would be extended, and the Complaint does not allege that there was such an extension. The breach of express warranty claim is therefore time-barred and should be dismissed.

Second, Texas law is clear that a mere promise to repair or replace defective goods does not extend an express warranty to the goods' future performance. Rather, the warranty must explicitly cover future performance until a specific date, or it does not toll the limitations period. *U.S. Marine Corp. v. Kline*, 882 S.W.2d 597, 600 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (a promise to repair defective goods does "not explicitly extend to the future performance of goods"); *Pako Corp. v. Thomas*, 855 S.W.2d 215, 220 (Tex. App.—Tyler 1993,

no writ) (collecting cases); *see also Safeway Stores*, 710 S.W.2d at 548 ("Courts construe the exception narrowly, with the emphasis on the term 'explicitly.'"). As the *Pako* court explained, "an express warranty to repair or replace for a period of time unrelated to *the guaranteed life of the particular product sold* has been held not to extend the limitations period." 855 S.W.2d at 220 (emphasis original) (collecting cases). On the contrary, as a matter of law, such a promise merely "provides a remedy if the [product] fails." *U.S. Marine*, 882 S.W.2d at 600. Indeed, as the Supreme Court of Texas has noted, "The drafters of the UCC have proposed defining a promise to repair or replace goods as a 'remedial promise' to make clear that it '*is not a warranty at all.*'" *PPG Indus. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 93 n.88 (Tex. 2004) (emphasis added). The alleged warranty in this case is exactly this kind of "remedial promise." Because such a promise does not extend to future performance, Plaintiff's breach of express warranty claim must be dismissed.

Third, the warranty does not make any promise that the riser system would be free of defects or otherwise comply with any particular performance standard. Under well-settled Texas law, an express warranty cannot extend to future performance in the absence of such a promise. *E.g.*, *Carlisle Corp. v. Med. City Dallas, Ltd.*, 196 S.W.3d 855, 862 (Tex. App.—Dallas 2006), *rev'd in part on other grounds by Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55 (Tex. 2008); *Muss v. Mercedes-Benz of N. Am. Inc.*, 734 S.W.2d 155, 158 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). As the *Muss* court explained, a warranty that lacks an "express promise that the goods are free of defects in materials and workmanship . . . . presages the likelihood that the goods *will fail to perform* and specifies a particular remedy in that eventuality." 734 S.W.2d at 158 (emphasis original) (citation omitted). The *Muss* court further explained that such a "promise on its face directly pertains to compliance by the seller with an obligation to make

repairs in the future rather than to *future compliance by the goods with some performance standard.*" *Id.* (emphasis added); *see also Carlisle*, 196 S.W.3d at 862 ("The section 2.725(b) exception applies when the warranty explicitly relates to the goods' future compliance with some performance standard." (citing *Muss*, 734 S.W.2d at 158)).  The alleged warranty at issue here does not promise that the goods will remain free of defects or satisfy any other performance standard whatsoever beyond the date of delivery.  Thus, it cannot extend the limitations period, and Plaintiff's express warranty claim must be dismissed.

Texas law starts running the statute of limitations for breach of contract and breach of warranty claims on the date of delivery.  To the extent that Stena somehow attempts to rely on Cameron's proposal to Marinor, those terms do not extend the limitations period.  Plaintiff's claims expired on September 1, 2011, four years after the September 1, 2007, delivery of the riser system.  Nothing in the Complaint—or even in the documents discussed by the Complaint—saves this claim, and it should be dismissed with prejudice under Rule 12(b)(6).

**B.     The Complaint Fails to State a Claim for Negligence or Products Liability Because these Causes of Action Are Barred by the Economic Loss Rule.**

Plaintiff's claims for negligence and products liability are further barred by the economic loss rule, and thus must be dismissed.  The economic loss rule precludes recovery for tort claims when the plaintiff's injury is purely economic.  *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986).  An economic loss is a loss of value that results because the bargained-for product does not conform to the contract.  *Mid Continent Aircraft Corp. v. Curry County Spraying Serv., Inc.*, 572 S.W.2d 308, 313 (Tex. 1978).  Of course, it is possible that a party's conduct may implicate both contractual and tort duties, but "no tort duty exists when plaintiffs have suffered only economic losses."  *Mem'l Hermann Healthcare Sys., Inc. v.*

*Eurocopter Deutschland, GmbH*, 524 F.3d 676, 678 (5th Cir. 2008). Plaintiff's Complaint only seeks recovery of alleged economic losses and therefore must be dismissed.

Dismissal is the only proper disposition of Plaintiff's claims because Texas law specifies other, exclusive remedies for Plaintiff's alleged injuries. "In transactions between a commercial seller and a commercial buyer, when no physical injury has occurred to persons or other property, injury to the defective product itself is an economic loss governed by the Uniform Commercial Code." *Mid Continent Aircraft*, 572 S.W.2d at 313; *see also* TEX. BUS. & COM. CODE §§ 2.313-.315; *Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir. 1995) (applying Texas law); *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 80 (Tex. 1977) ("The Code was drafted specifically to govern commercial losses and obviously provides the proper remedies to recover such losses."). Purely economic losses—such as repair costs, decreased value, and lost profits—indicate that the purchaser did not receive the benefit of the bargain. Claims for such losses therefore sound only in contract. *Hininger v. Case Corp.*, 23 F.3d 124, 126 (5th Cir. 1994); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

The United States Supreme Court explained in *East River* that the economic loss rule specifically applies to negligence and strict liability claims like those asserted here. *E. River S.S. Corp.*, 476 U.S. at 871. As the *East River* Court held, "a manufacturer in a commercial relationship has no duty under either a negligence or strict products liability theory to prevent a product from injuring itself." *Id.*; *see also Turbomeca, S.A. v. Era Helicopters LLC*, 536 F.3d 351, 354 (5th Cir. 2008). The Court's holding in *East River* addresses precisely the kind of situation that this Court faces: tort claims premised on a contractual relationship in which a product allegedly damaged itself. In such a situation, a plaintiff's tort claims must be dismissed,

and only properly pleaded breach of contract or breach of warranty claims may go forward. *E.g.*, *Mid Continent Aircraft*, 572 S.W.2d at 313.

Stena's Complaint falls within this rule. Indeed, Plaintiff's allegations all arise from alleged damages to the LoadKing riser that Marinor bought from Cameron and then sold to Plaintiff's affiliates, a sale which the Complaint alleges was governed by a contract between sophisticated merchants. (*E.g.*, Complaint ¶¶ 28-31, 38, 42, 47-53, 58-59, 62.). The entire premise of the Complaint is that Plaintiff has suffered an economic loss arising from the riser's own corrosion. Indeed, Plaintiff's request for damages makes it plain that Plaintiff seeks to recover only its alleged economic losses. Specifically, Plaintiff asserts that it is entitled to damages for "recovery, removal and abandomnent" of the riser; costs for transportation, repair, and replacement of the riser; and loss of use. (Complaint ¶ 62.) These alleged losses are purely economic in nature.

A plain review of the Complaint demonstrates that Plaintiff's negligence and products liability claims seek recovery for economic losses allegedly caused to and by the riser system itself. The Complaint contains no allegation of any physical injuries to persons or other property. *Mem'l Hermann Healthcare Sys.*, 524 F.3d at 678 (economic loss rule applies to economic losses in the absence of such injuries). Any allegation of a right to recovery sounds in contract or breach of warranty, not in tort. *Mid Continent Aircraft*, 572 S.W.2d at 312-13. Therefore, the economic loss rule limits Plaintiff's remedies for these allegations, if any, to those that sound in contract. Plaintiff's tort claims are barred by the economic loss rule and must be dismissed.

13

**C.     The Complaint Fails to State a Claim for Breach of Contract Because It Fails to Allege the Existence of an Enforceable Contract between Stena Drillmax and Cameron.**

Plaintiff's claim for breach of contract also possesses a critical defect due to the fact that the Complaint fails to demonstrate the existence of a valid contract between Stena and Cameron. The Complaint mentions only one agreement which allegedly imposed any obligations on Cameron, a purported three-party agreement between E-Max Limited, Marinor, and Cameron. (Complaint ¶¶ 13, 41.)  A plain review of the document incorporated in the Complaint shows that Cameron was not a party to that Equipment Supply Agreement and did not sign it.

The Court may consider the contents of the Equipment Supply Agreement incorporated into the Complaint in deciding this motion to dismiss because it is part of the pleadings. *Causey*, 394 F.3d at 288 ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). In particular, the Fifth Circuit has held that it is entirely appropriate for the Court to consider such a document in deciding a motion under Rule 12(b)(6) when the document clarifies the relationship of the parties, contradicts the allegations in the complaint, or fills in gaps left by the complaint. *Id.* at 290.  The Equipment Supply Agreement does all three of these things and shows that Plaintiff cannot recover for a breach of contract claim.

Despite Plaintiff's claim in paragraph 13 of the Complaint that Cameron entered into this agreement, Cameron clearly was not a party to this agreement.[8]  Because Cameron was not a party to the contract made the basis of Stena's breach of contract claims, the breach of contract claim is defective on its face and must be dismissed.

---

[8]     Indeed, Cameron is barely mentioned in the 210-page Equipment Supply Agreement. When Cameron is mentioned, it is primarily as the identified manufacturer of equipment that Marinor proposed to buy and then sell to Plaintiff's affiliates. (*E.g.*, Ex. A at 12.) The warranty attached to the agreement merely appears in a proposal by Cameron to Marinor, not to Stena. (Complaint ¶ 25; Ex. A at 2, 93.)

**D.      In the Alternative, the Contract Alleged by the Complaint Fails to Satisfy the Statute of Frauds and is therefore Unenforceable.**

Even if the Complaint contained allegations sufficient to make out a claim against Cameron for breach of contract (which it does not), that claim would be doomed under the statute of frauds. "Whether a contract falls within the statute of frauds is a question of law," which the Court may decide on a motion to dismiss. *See Vt. Info. Processing, Inc. v. Mont. Beverage Corp.*, 227 S.W.3d 846, 853 (Tex. App.—El Paso 2007, no pet.) (citation omitted). Thus, by even the most generous reading of the Complaint's breach of contract allegations, the breach of contract claim must be dismissed.

The statute of frauds requires that certain contracts be signed; the lack of a signature by a particular party makes the contract unenforceable against that party. One such category of contracts comprises those "for the sale of goods for the price of $500." TEX. BUS. & COM. CODE § 2.201(a). That statute establishes the bright-line rule that

> a contract for the sale of *goods for the price of $500 or more* is *not enforceable* by way of action or defense unless there is *some writing* sufficient to indicate that a contract for sale has been made between the parties and *signed by the party against whom enforcement is sought or by his authorized agent or broker.*

*Id.* (emphasis added).

It is beyond dispute that the Complaint alleges an agreement for the purchase and sale of goods valued in excess of $500. (*See, e.g.*, Complaint ¶ 62 (alleging "millions of dollars in damages . . . including . . . the cost of repair and replacement of the damaged portions of the LoadKing riser").)  Indeed, the Equipment Supply Agreement between Stena and Marinor, which is the asserted basis for Plaintiff's claim against Cameron, describes goods with a total purchase price of $110,300,000. (Ex. A at 2.)  Consequently, the Statute of Frauds provision of

the Texas Uniform Commercial Code applies to Plaintiff's breach of contract and breach of express warranty claims.

But the Complaint does not contain any allegation to the effect that there was a contract "signed by the party against whom enforcement is sought," namely Cameron, "or by [its] authorized agent or broker." This alone warrants dismissal of the breach of contract claim against Cameron because Plaintiff has not stated a cause of action for which relief can be granted. FED. R. CIV. P. 12(b)(6). The fact that the alleged agreement clearly is *not* signed by Cameron shows that Plaintiff *cannot* state such a claim against Cameron on the basis of the Equipment Supply Agreement between Stena and Marinor. (Ex. A.) Thus, the dismissal must be with prejudice.

## IV.    Conclusion

Plaintiff's Complaint is fatally flawed due to its failure to state a claim, for at least four reasons. First, each of Plaintiff's alleged causes of action is barred by the applicable statute of limitations. Second, the causes of action for negligence and products liability are further barred by the economic loss rule. Third, the breach of contract claim against Cameron also fails for the obvious reason that the Complaint does not demonstrate the existence of a contract that Cameron signed or to which Cameron was a party. Finally, even if such a contract did exist, the allegations in the Complaint describe a contract that would be unenforceable against Cameron under the statute of frauds. Because of these fatal and incurable defects, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), with prejudice.

Dated:  August 8, 2012

Respectfully submitted,

/s/ *Richard T. Stilwell*
Richard T. Stilwell (00791737)
Edward M. Cottrell (1035244)
Baker & Hostetler LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5009
Telephone:  (713) 646-1378
Facsimile:  (713) 751-1717
Email:  tstilwell@bakerlaw.com
Email:  ecottrell@bakerlaw.com

*Attorneys for Defendant Cameron International*
*Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 8th day of August, 2012, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

Edward M. Cottrell