UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STENA DRILLMAX I (HUNGARY) KFT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-1946 |
| | § | |
| MARINOR ASSOCIATES INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTIONS TO DISMISS

### I.

Pending before the Court are the defendants', Cameron International Corporation ("Cameron") and Marinor Associates, Inc. ("Marinor") (collectively, "the defendants"), motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Nos. 39, 40). Also before the Court is the plaintiff's, Stena Dillmax I (Hungary) KFT ("the plaintiff"), response to each motion (Docket Nos. 45, 46). Having carefully reviewed the parties' submissions and the applicable law, the Court finds and concludes as follows.

### II.

In its Amended Complaint, the plaintiff alleges that the defendants entered into contracts with Stena Forth Limited in which the defendants agreed to design, manufacture, supply and/or install certain deepwater drilling equipment. The contracts included express warranties guaranteeing that the equipment would be free from defect for a certain period of time and that the defendants would make repairs to the equipment if it was found to be defective within a certain time period. Stena Forth Limited assigned the contract rights to the plaintiff in February 2008.

The equipment was delivered and installed on September 1, 2007, and was first put to use on March 18, 2008. On July 16, 2008, the equipment was examined, and it was first observed that it was extensively corroded. The plaintiff immediately notified the defendants of the corrosion and demanded the equipment be repaired or replaced. Both defendants refused or otherwise failed to repair or replace the equipment and the plaintiff had it repaired at considerable expense. The instant action was filed on June 28, 2012, and the Amended Complaint alleges breach of the defect warranty, breach of the repair warranty, and breach of contract.

### III.

Marinor argues that the plaintiff's claims are barred by the applicable statute of limitations and that the future performance exception does not apply. *See* TEX. BUS. & COM. CODE § 2.725(a), (b). Cameron argues that it did not enter into a contract with Stena Forth Limited, and even if such a contract existed, the plaintiff's claims are barred by the statute of frauds and statute of limitations, and no statutory exception applies. *See* TEX. BUS. & COM. CODE §§ 2.201(a); 26.01(a); 2.725(a), (b).

In response to Marinor, the plaintiff argues that it has properly asserted the future performance exception and the applicability of the exception is subject to later factual development. It also argues that the breach of the repair warranty claim would survive even if the future performance exception is not applicable. In response to Cameron, the plaintiff argues that the defendant has improperly injected new facts into consideration, and that the facts as pled in the Amended Complaint support the causes of action alleged.

## IV.

Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). When considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

The Court is of the opinion that the allegations in the complaint, taken as true, state plausible claims for relief. The Court also finds, subject to later factual development, that the plaintiff's claims are not barred by the statute of frauds or statute of limitations. Accordingly, the defendants' motions to dismiss are DENIED in their entirety.

**IT IS SO ORDERED.**

SIGNED on this 22nd day of January, 2014.

_____
Kenneth M. Hoyt
United States District Judge